[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15080
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-00090-WKW-TFM


SPRING GARNER,
as parent and next friend of Wynter Stokes
and in her individual capacity,

                                            Plaintiff - Appellee,


versus


THE CITY OF OZARK,
a municipal corporation,
PHIL DODSON,
individually and in his capacity as
a police officer for the City of Ozark,

                                            Defendants - Appellants.


_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(September 17, 2014)

Before TJOFLAT, WILSON and COX, Circuit Judges.

PER CURIAM:

In this case, the Plaintiff Spring Garner sues Officer Phil Dodson in his individual and official capacity and the City of Ozark (the "Defendants") for injuries her son, Wynter Stokes, suffered while Dodson was attempting to apprehend him. The Defendants bring this interlocutory appeal contending that the district court erred by ignoring a claim of immunity in their motion to dismiss and incorrectly granting Garner discovery and denying their immunity-based summary judgment motion.

## I. Facts and Procedural History

According to the allegations of the complaint, Stokes (who is autistic) left his residence, wandered down the street, and entered the yard of a private residence. The owner of the residence called police. Officer Dodson responded to the call. According to the complaint, Dodson arrived on the scene and, without provocation or cause, repeatedly instructed his police canine to attack Stokes.

As a result of these events, Garner (as parent of Stokes) filed this suit alleging multiple claims: excessive force in violation of the Fourth Amendment (Count I); unreasonable seizure in violation of the Fourth Amendment (Count II); unlawful arrest in violation of the Fourth Amendment (Count III); violation of the Americans with Disability Act ("ADA") (Count IV); negligent hiring (Count V);

2

negligence (Count VII);[1] assault (Count VIII); and battery (IX).  Although the complaint is hardly a model of clarity, it appears to assert each claim against every Defendant—regardless of whether such assertion is rational.  The Defendants moved to dismiss all claims except those of excessive force, assault, and battery against Dodson in his individual capacity. The district court granted the motion to dismiss on all the counts it considered with the exception of the ADA claim.  However, the district court did not address the motion to dismiss regarding the assault or battery claims against the city.

The Defendants also moved for summary judgment on all claims.  In response to the summary judgment motion, Garner's counsel filed an affidavit stating that she would need to present several expert witnesses in order to respond to the motion.  The district court granted Garner discovery under Fed. R. Civ. P. 56(d) and denied the Defendants' summary judgment motion, but with leave to refile at an appropriate time.  The Defendants appeal.

## II. Issues on Appeal

The Defendants present two issues on appeal.  First, Ozark contends that the district court erred by not considering its immunity-based motion to dismiss the state law assault and battery claims.  Second, the Defendants contend that the

---

[1] Garner's complaint mysteriously omits a Count VI and instead proceeds directly to Count VII.

3

district court abused its discretion by granting Garner's Rule 56(d) motion for discovery and—in doing so—denying the Defendants' summary judgment motion.

### III. Standards of Review

We review de novo a district court's denial of a motion to dismiss based on immunity. *Rehberg v. Paulk*, 611 F.3d 828, 837 n.5 (11th Cir. 2010). We review a district court's ruling on a Rule 56(d) motion for abuse of discretion. *Carmical v. Bell Helicoper Textron, Inc.*, 117 F.3d 490, 493 (11th Cir. 1997).

### IV. Discussion

**A. The district court erred by denying Ozark immunity on the Alabama state law tort claims.**

Ozark contends that the district court erred by ignoring its immunity-based motion to dismiss the state law battery and assault claims (counts VIII and IX). In the motion to dismiss, Ozark asserted that it was immune from these claims under Ala. Code § 11-47-190.[2]

The Alabama Supreme Court has held that under § 11-47-190, a municipality is immune from liability for the intentional torts of its agents. *Ex parte City of Tuskegee*, 932 So. 2d 895, 911 (Ala. 2005). We have previously

---

[2] "No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless such injury or wrong was done or suffered through the neglect, carelessness, or unskillfulness of some agent, officer, or employee of the municipality engaged in work therefor and while acting in the line of his or her duty . . ." Ala. Code § 11-47-190.

recognized this immunity under Alabama law. *See Brown v. City of Hunstville*, 608 F.3d 724, 743 (11th Cir. 2010).

Accordingly, Ozark is entitled to a ruling on its motion to dismiss based on immunity grounds. We remand and instruct the district court to provide such a ruling.

## B. The district court erred by denying the Defendants' summary judgment motion.

The Defendants contend that the district court erred by granting Garner's Rule 56(d) motion and—in doing so—denying their immunity-based summary judgment motion.

Fed. R. Civ. P. 56(d) allows a district court to deny a summary judgment motion when "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." "A [Rule 56(d)][3] motion must be supported by an affidavit which sets forth with particularity the facts the moving party expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment." *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998). "Whether to grant or deny a [Rule 56(d)] motion for discovery requires the court to balance the movant's demonstrated need for discovery against the burden such discovery will place on

---

[3] The original text references "Rule 56(f)." Effective December 1, 2010, Rule 56(f) was reclassified as Rule 56(d) with no substantial change. *See* Fed. R. Civ. P. 56 Advisory Committee Notes to the 2010 amendments.

5

the opposing party." *Id.* "In qualified immunity cases, the [Rule 56(d)] balancing is done with a thumb on the side of the scale weighing against discovery." *Id.*; *see also Anderson v. Creighton*, 483 U.S. 635, 646 n.6, 107 S. Ct. 3034, 3042 n.6 (1987) (cautioning that district courts should be especially careful in allowing Rule 56(d) discovery before considering a qualified-immunity based summary judgment motion). "The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery." *Ashcroft v. Iqbal*, 556 U.S. 662, 685, 129 S. Ct. 1937, 1953 (2009) (quotation omitted). And, the city's immunity claim in this case warrants a ruling on the city's motion for summary judgment without further discovery.

In this case, Garner has not shown that she meets the requirements of Rule 56(d). Garner has not articulated what particular facts she expects to discover. Neither has she provided any explanation of how those facts would be relevant to the issue of immunity. Garner's counsel submitted an affidavit stating that she would like to present expert witnesses on recognition of individuals with autism, proper handling of police dogs, and the nature of Stokes's capacity and propensity for physical violence. (R. 19-1 at 1.) Garner does not explain what *facts* these expert witnesses would provide. Instead, Garner seems to desire the experts for their opinions on the case. Rule 56(d) provides a remedy "when *facts* are unavailable to the nonmovant." Fed. R. Civ. P. 56(d) (emphasis added). Even

6

assuming Garner's request for expert opinions was proper under Rule 56(d), she does not explain how these experts' opinions would be relevant to the issue of immunity. Accordingly, Garner has not particularly identified any relevant facts she needs to oppose the summary judgment motion.

The district court's order provides no analysis demonstrating that Garner met the requirements of Rule 56(d). Neither does Garner provide any analysis on appeal. Accordingly, we hold that Garner did not meet the requirements of Rule 56(d) and that the district court abused its discretion in granting Garner discovery. It follows then, that the district court also erred by denying the Defendants' summary judgment motion on the basis that Garner needed additional discovery.

## V. Conclusion

The district court erred by not addressing Ozark's immunity-based motion to dismiss. Accordingly, we remand and instruct the district court to consider this issue. The district court also abused its discretion by granting Garner's 56(d) motion. Accordingly, we reverse the district court's order on the Rule 56(d) motion, vacate the district court's denial of the Defendants' summary judgment motion, and remand and instruct the court to consider the merits of the Defendants' summary judgment motion.

**REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.**